13 CV 6950

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ROSE GIORDANO-FORKAN,

                   Plaintiff,

        -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION;
JENNIFER JONES-ROGERS, PRINCIPAL OF P.S.
29, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; CHRISTINE MILTON, ASSISTANT
PRINCIPAL OF P.S. 29, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, SCOTT WOLFSON,
ASSISTANT PRINCIPAL OF P.S. 29 IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY,

                   Defendants.

**COMPLAINT**

**ECF CASE**

**CV**

**JURY TRIAL DEMANDED**

RECEIVED
OCT 0 1 2013
U.S.D.C. S.D. N.Y.
CASHIERS

     Plaintiff ROSE GIORDANO-FORKAN, by her attorneys, GLASS KRAKOWER

LLP, as and for her Complaint against Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

     1.    Plaintiff brings this action seeking monetary and equitable relief based upon

Defendants' violations of the First Amendment of the U.S. Constitution pursuant to 42

U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Age Discrimination

in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (hereinafter "ADEA"), as a result of

mistreatment and retaliatory actions taken against her as an elementary school teacher

employed by Defendants since returning to her school after an eight-year childcare leave of

absence, and thereafter being discriminated against, being subject to a hostile work

1

environment, and retaliated against with an unsatisfactory end of year rating, negative job performance observations, and unjustified disciplinary letters for filing complaints of discrimination against defendants with the New York State Division of Human Rights and New York State Public Employment Relations Board, and for engaging in various concerted union activities within the school.

2.     Plaintiff seeks economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

4.     This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because defendant NYCDOE's headquarters are located in New York County, New York.

5.     This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and has pendent jurisdiction over Plaintiff's state and city law claims.

## PARTIES

6.     Plaintiff is a resident of the State of New York and City of New York.

7.     At all times relevant herein, Defendant Dennis Walcott was the Chancellor of the New York City Department of Education.

8.     At all times relevant herein, Defendant Jennifer Jones-Rogers was the principal of Public School 29 ("P.S. 29"), a school within the New York City Department of Education.

2

9. At all times relevant herein, Defendant Christine Milton was an assistant principal of Public School 29 ("P.S. 29"), a school within the New York City Department of Education.

10. At all times relevant herein, Defendant Scott Wolfson was an assistant principal of Public School 29 ("P.S. 29"), a school within the New York City Department of Education.

11. All defendants routinely conduct business within the Southern District of New York.

## STATEMENT OF FACTS

12. Plaintiff began her career with Defendant NYCDOE in 1995 as an elementary school teacher, and in 2000, she began working full-time at Public School 29 ("P.S. 29") in Queens, New York.

13. In 2003, Plaintiff began a childcare leave. She worked part-time at P.S. 29 until 2005, at which point she took full childcare leave from teaching. Plaintiff received all Satisfactory and positive observations from the school administration before taking her childcare leave.

14. Beginning in March 2011, Plaintiff expressed her intention to return to P.S. 29 as a full-time elementary school teacher. She contacted the new Principal of the school, Defendant Jennifer Jones-Rogers, indicating her intent to return. Principal Jones-Rogers immediately discouraged Plaintiff from returning, stating that there was no place for Plaintiff at P.S. 29 and that she did not belong in the school. Only after Plaintiff contacted the central Human Resources department for the NYCDOE did Principal Jones-Rogers have to relent and allow Plaintiff to return to her school.

3

15.     Principal Jones-Rogers immediately retaliated against Plaintiff for returning to P.S. 29 by subjecting her to a hostile work environment.  What began as inappropriate comments and ridicule in front of other faculty members and students escalated to disciplinary letters, counseling memos, negative informal observations, and logs of assistance—the first negative criticisms Plaintiff had received in her career.  Additionally, Principal Jones-Rogers would impose numerous requirements on Plaintiff that no other teachers would have to do for the sole purpose of harassing her, something which other faculty members recognized.

16.     On or about January 11, 2012, a meeting was held at the District 25 office with Plaintiff's union, the UFT, to address Principal Jones-Rogers' mistreatment of Plaintiff. Present at the meeting were UFT Borough Representative Rona Freiser, UFT District Representative Joe Kessler, Network Leader Diane Foley, another representative Thomas Fox, UFT Chapter Leader Stephanie Flunory, Principal Jones-Rogers and Plaintiff.  Ms. Flunory was not allowed to join the meeting and Plaintiff was asked to stay out of the meeting until the end, at which point she joined the meeting.  Near the end of the meeting, it was agreed among all parties that Principal Jones-Rogers would not harass Plaintiff any longer, nor would she be allowed to rate her as Plaintiff's direct supervisor.

17.     Unfortunately, this meeting did not stop the harassment and hostile work environment Plaintiff experienced from her school administration.   Plaintiff noticed a distinct change in AP Milton's behavior towards her.  She became hostile and dismissive immediately following the January 2012 meeting.  This harassment and retaliation escalated into AP Milton issuing Plaintiff the first Unsatisfactory observation of her career in March 2012.

4

18.     This Unsatisfactory observation was completely unwarranted and is evidence of further retaliation and harassment of Plaintiff, as the written observation report contained factually inaccurate statements that were clearly made up by the administration.

19.     Furthermore, this observation should never have taken place, as Plaintiff elected an alternative assessment system instead of a formal assessment system, as is her contractual right under the UFT-DOE contract.  However, in a letter dated March 7, 2012, Principal Jones-Rogers stated in violation of the contract that she would be requiring Plaintiff to be rated in a formal assessment system only.

20.     Plaintiff continued to be retaliated against and harassed by her administration. For example, on or about March 1, 2012, Principal Jones-Rogers issued a disciplinary letter to Plaintiff with false allegations of "poor judgment". Notwithstanding that the allegations contained in the letter were false, Plaintiff was once against held to a higher standard than her colleagues, as many of her colleagues engaged in the same behavior alleged in the letter—which she denied doing in the first place—and never received any disciplinary action.  Other forms of harassment that Plaintiff faced included being forbidden to speak to parents without her Principal present; harassment and abuse of her students by the administration; and public humiliation by being called down to the Principal's office over the loudspeaker to be scolded for petty and ridiculous things.

21.     On or about April 3, 2012, a second meeting was held with the UFT and NYCDOE regarding Principal Jones-Rogers' hostile behavior towards Plaintiff.  Present at this meeting was Ms. Freiser, Mr. Kessler, Ms. Foley, Ms. Milton, Mr. Fox and Principal Jones-Rogers.  An agreement was made that Plaintiff would receive a Satisfactory end of the year rating in exchange for transferring to a different school for the 2012-13 school year.

5

22.    On or about May 24, 2012, Plaintiff was still not able to secure a transfer to another school. When Principal Jones-Rogers learned of this, she threatened Plaintiff with an Unsatisfactory end of the year rating ("U rating") if she did not secure a transfer from P.S. 29 before the end of the 2011-12 school year.

23.    Plaintiff sought a position at several schools during the summer of 2012 because of this threat, but was unsuccessful in securing a placement. As such, she returned to P.S. 29 for the 2012-13 school year.

24.    As soon as she returned, Principal Jones-Rogers picked up where she left off and immediately began her harassing treatment of Plaintiff again. In August 2012, Principal Jones-Rogers incorrectly stated that Plaintiff was required to be formally observed since she had received an Unsatisfactory observation during the previous school year. Principal Jones-Rogers also made comments, on or about August 16, 2012, implying that Plaintiff would be receiving an Unsatisfactory rating for the 2012-13 school year, before the school year even started. When Plaintiff later grieved that she should be placed on an alternative assessment system instead of a formal observation system, as is her contractual right because she received a Satisfactory end of the year rating for the 2011-12 school year, Principal Jones-Rogers summarily denied the grievance.

25.    On or about October 26, 2012, Plaintiff filed a discrimination charge with the New York State Division of Human Rights against her school principal and administration claiming age and gender discrimination.

26.    Immediately after filing that complaint, on or about November 2012, Principal Jones-Rogers retaliated against Petitioner by causing her to be rated Unsatisfactory on several observations by the Assistant Principals of the school, reporting her to the Office

6

of Special Investigation, writing up a disciplinary letter against her for cell phone use, and placing her on a log of assistance.

27.    In December 2012, Plaintiff filed a supplemental SDHR complaint for retaliation by the school administration against her based on these new retaliatory events, as well as an improper practice charge with the New York State Public Relations Board for retaliating against her for her union activities and filing grievances against the Principal.

28.    In further retaliation for filing these complaints and charges, Plaintiff was targeted in the Spring of 2013 with additional logs of assistance, negative ratings, and disciplinary letters, culminating in June 2013 with Plaintiff receiving her first ever Unsatisfactory end of the year rating ("U-rating") for the 2012-13 school year, which has the effect of freezing her salary, per session and summer work opportunities, and other promotional opportunities.

29.    Plaintiff applied for a number of different positions at different schools during the summer of 2013, but was unsuccessful in transferring from the school in large part because of the unwarranted Unsatisfactory annual rating she received.

30.    Although the 2013-14 school year has just commenced, Principal Jones-Rogers has already begun her harassing treatment of Plaintiff.  Specifically, Plaintiff did not receive any of her three preferences for grade levels for the 2013-14 school year, and was instead placed into the fourth grade in violation of the UFT-DOE collective bargaining agreement.

31.    All conditions precedent to jurisdiction under the ADEA and ADA have occurred or been complied with.  Plaintiff filed timely complaints of gender and age discrimination and retaliation with the New York State Division of Human Rights

7

("SDHR") and the Equal Employment Opportunity Commission ("EEOC").   Plaintiff received a Notice of Right to Sue letter from the EEOC dated July 3, 2013.  A copy of the Notice of Right to Sue letter is annexed hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF
## FIRST AMENDMENT RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 1983

32.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

33.     Defendants are state actors acting under color of state law. They are municipal bodies and employees deriving their authority from the State and City of New York.

34.     While acting under color of State Law, Defendants violated Plaintiff's First Amendment rights by retaliating against her for filing a protected improper practice charge with the New York State Public Employment Relations Board as well as various union-based grievances and special complaints against her school administration and the NYCDOE, in the form, *inter alia*, of school administration placing unwarranted disciplinary letters in her file, issuing unwarranted Unsatisfactory observations and a U annual rating for the 2012-13 school year, falsely reporting her to OSI for disciplinary investigations, publicly humiliating plaintiff in front of her students and fellow faculty members, undermining her authority with her students, and threatening her job security.

35.     As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of the severe emotional distress, and damage to her professional reputation, in an amount to be determined at trial.

9

## SECOND CLAIM FOR RELIEF
## GENDER DISCRIMINATION, GENDER-BASED DISCRIMINATION HOSTILE
## WORK ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII

36. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

37. Defendants violated Title VII of the Civil Rights Act of 1964 by subjecting her to gender discrimination for returning from child care leave, subjecting her to a hostile work environment, and retaliating against Plaintiff for filing a protected complaint of gender discrimination in October 2012, in the form, *inter alia*, of school administration placing unwarranted disciplinary letters in her file, issuing unwarranted Unsatisfactory observations and a U annual rating for the 2012-13 school year, falsely reporting her to OSI for investigation, publicly humiliating plaintiff in front of her students and fellow faculty members, undermining her authority with her students, and threatening her job security.

38. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to her professional reputation, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## AGE DISCRIMINATION, AGE-BASED HOSTILE WORK ENVIRONMENT, AND
## RETALIATION IN VIOLATION OF ADEA, 29 U.S.C. SECTION 621 et al.

39. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

40. Defendants violated the Age Discrimination in Employment Act by subjecting her to age discrimination given that she is a highly paid senior teacher at the

school and is over 40 years old, by subjecting her to a hostile work environment, and by retaliating against Plaintiff for filing a protected complaint of age discrimination in October 2012, in the form, *inter alia*, of school administration placing unwarranted disciplinary letters in her file, issuing unwarranted Unsatisfactory observations and a U annual rating for the 2012-13 school year, falsely reporting her to OSI for investigation, publicly humiliating plaintiff in front of her students and fellow faculty members, undermining her authority with her students, and threatening her job security.

41.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to her professional reputation, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## NYSHRL, EXECUTIVE LAW SECTION 296 ET SEQ.

42.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

43.     By giving her an Unsatisfactory annual rating for the 2012-13 school year, Defendants discriminated and/or retaliated against Plaintiff on the basis of her gender and age in violation of the NYSHRL by the school administration placing unwarranted disciplinary letters in her file, issuing unwarranted Unsatisfactory observations and U-ratings, publicly humiliating Plaintiff in front of her students and fellow faculty members, undermining her authority with her students, and threatening her job security.

11

44.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to her professional reputation, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## NYCHRL, N.Y.C. ADMIN. CODE § 8-101, ET SEQ.

45.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

46.     By giving her an Unsatisfactory annual rating for 2012-13, Defendants discriminated and/or retaliated against Plaintiff on the basis of her gender and age in violation of the NYCHRL by the school administration placing unwarranted disciplinary letters in her file, issuing unwarranted Unsatisfactory observations and U-ratings, publicly humiliating Plaintiff in front of her students and fellow faculty members, undermining her authority with her students, and threatening her job security.

47.     As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to her professional reputation, in an amount to be determined at trial.

## JURY DEMAND

48.     Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a) On Plaintiff's **First Claim for Relief—Retaliation for Exercising First Amendment Rights under 42 U.S.C. Section 1983**, damages in an amount to be determined at trial;

b) On Plaintiff's **Second Claim for Relief—Gender Discrimination, Gender-Based Discrimination Hostile Work Environment, and Retaliation in Violation of Title VII**, damages in an amount to be determined at trial.

c) On Plaintiff's **Third Claim for Relief—Age Discrimination, Age-Based Discrimination Hostile Work Environment, and Retaliation in Violation of the Age Discrimination in Employment Act**, damages in an amount to be determined at trial;

d) On Plaintiff's **Fourth Claim for Relief—Retaliation in Violation of Executive Law § 296 *et seq.***, damages in an amount to be determined at trial;

e) On Plaintiff's **Fifth Claim for Relief—Retaliation in Violation of New York City Human Rights Law 8-101 *et seq.***, damages in an amount to be determined at trial as well as punitive damages to the extent allowable by law;

f) On all Claims for Relief:

    a. Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal, state, and city law prohibiting retaliation in employment;

13

b.     Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including his compensation and privileges;

c.     Compensatory damages to compensate Plaintiff for breach of contract, economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

d.     Punitive damages against one or all of the Defendants;

e.     Statutory attorneys' fees, interest, costs, and disbursements, and

f.     For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:     New York, New York
September 30, 2013

GLASS KRAKOWER LLP
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859

By:     _____
Bryan D. Glass, Esq.

14

# EXHIBIT A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Rose Giordano-Forkan**<br>**27-11 172nd Street**<br>**Flushing, NY 11358** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2013-01010** | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

July 3, 2013
(Date Mailed)

Enclosures(s)

cc:

**CITY OF NEW YORK, DEPARTMENT OF**
**EDUCATION**
**Attn: Courtenaye Jackson-Chase, Counsel**
**Legal Department**
**52 Chambers Street, Room 308**
**New York, NY 10007**