13 CV 06950 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE GIORDANO-FORKAN,

                              Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; JENNIFER JONES-ROGERS, PRINCIPAL OF P.S. 29, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; CHRISTINE MILTON, ASSISTANT PRINCIPAL OF P.S. 29, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, SCOTT WOLFSON, ASSISTANT PRINCIPAL OF P.S. 29 IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for the Defendants*
100 Church St, Rm 2-142
New York, N.Y. 10007
spischl@law.nyc.gov

*Of Counsel:* Stephen P. Pischl
*Telephone:* (212) 356-2429
*Matter No.:* 2013-046510

Stephen P. Pischl,
    Of Counsel.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................2

    POINT I ..............................................................................................................................2

        PLAINTIFF'S CAUSES OF ACTION PURSUANT TO PURSUANT TO § 1983, TITLE VII AND THE ADEA MUST BE DISMISSED FOR HER FAILURE TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE ................................................................2

            A.    First Amendment Retaliation Claims ...................................2

            B.    Hostile Work Environment Claims ......................................3

            C.    Age and Gender Discrimination Claims ..............................3

            1.    Plaintiff Has Not Suffered an Adverse Employment Action ...................................................................................3

            2.    The Complaint Fails to Allege Facts Sufficient to Create a Plausible Inference of Discrimination ...................7

            D.    Age and Gender Retaliation Claims .....................................9

CONCLUSION ............................................................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROSE GIORDANO-FORKAN,

                                 Plaintiff,

                                                                                                                  13 CV 06950 (GBD)

                       - against -

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; JENNIFER JONES-
ROGERS, PRINCIPAL OF P.S. 29, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY; CHRISTINE
MILTON, ASSISTANT PRINCIPAL OF P.S. 29, IN
HER OFFICIAL AND INDIVIDUAL CAPACITY,
SCOTT WOLFSON, ASSISTANT PRINCIPAL OF P.S.
29 IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                 Defendants.

------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

### PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."), defendants have moved for an order dismissing the Complaint in its entirety. See Docket Nos. 11-13.

Plaintiff, Rose Giordano-Forkan ("plaintiff"), has submitted her opposition to defendants' motion ("Pl. Opp."), dated May 15, 2014. See Docket No. 21. Defendants respectfully submit that plaintiff's opposition is largely unresponsive to defendants' motion, entirely failing to address several of defendants' contentions. Notably, plaintiff entirely fails to address defendants' arguments regarding her claim for first amendment retaliation under 42

U.S.C. § 1983 as well as defendants' arguments regarding any hostile work environment claims. For the reasons herein and the reasons stated in defendants' moving papers, defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety.

## ARGUMENT

### POINT I

**PLAINTIFF'S CAUSES OF ACTION PURSUANT TO PURSUANT TO § 1983, TITLE VII AND THE ADEA MUST BE DISMISSED FOR HER FAILURE TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE**

**A.    First Amendment Retaliation Claims**

Defendants maintain that, even accepting all of plaintiff's allegations as true for the purposes of this motion only, plaintiff did not engage in "protected speech" by speaking as a citizen on a matter of public concern, as is required to establish a prima facie claim of First Amendment retaliation pursuant to § 1983. See Memorandum of Law in Support of the Defendants' Motion to Dismiss the Complaint Pursuant to FED. R. CIV. P. 12(b)(6) ("Def. Memo."), Docket No. 12, at Pt. I.E, pp. 17-21. Instead, plaintiff's speech was personal in nature, exclusively concerning her own treatment by Principal Jones-Rogers and the administration of P.S. 29., an exclusively private concern. Id. at p. 18-20, citing Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993) (a plaintiff's speech not constitutionally protected where it was "motivated by and dealt with her individual employment situation").

As plaintiff in her opposition fails to respond to defendants' contention that she has failed to plead that she engaged in "protected speech" such as to have been afforded protection under the First Amendment, defendants maintain that plaintiff has failed to state a

plausible First Amendment retaliation claim pursuant to § 1983, and any such claims must be dismissed.

**B.     Hostile Work Environment Claims**

Defendants also argue that plaintiff has failed to state a plausible claim under Title VII or the ADEA for a hostile work environment. See Def. Memo. at Pt. II.D, pp. 15-17. Plaintiff does address or respond to defendants' arguments on this point. Accordingly, for all the reasons stated in defendant's moving papers, and in the absence of any argument to the contrary, defendants maintain that to allege any facts tending to show that, due to plaintiff's sex or age, defendants engaged in offensive conduct that was either objectively severe or pervasive such as to create a hostile work environment, and any claims for a hostile work environment must be dismissed.

**C.     Age and Gender Discrimination Claims**

With regard to plaintiff's claims for either age or gender discrimination, defendants have argued that plaintiff cannot demonstrate that she was subject to an adverse employment action, nor has she alleged facts to create a plausible inference that any actions taken with respect to her employment were motivated by discriminatory animus. See Def. Memo. at Pt. II.D, pp. 7-13. Plaintiff does not dispute that she must demonstrate that she suffered an adverse employment action occurring under circumstances giving rise to an inference of discrimination to make out a prima facie case of age or gender discrimination. See Pl. Opp. at A, p. 7, citing Graham Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

**1.     Plaintiff Has Not Suffered an Adverse Employment Action**

As set forth more fully in defendants' opening memorandum of law, none of the employment actions plaintiff allegedly experienced rise to the level of a materially adverse change in the terms and condition of her work conditions. See Def. Memo. at I.B.1, at pp. 8-12.

As defendants have argued, an "adverse employment action" must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. N.Y. 2003). Instead, examples of conduct found to constitute an adverse employment action include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. N.Y. 2004), citing Terry, supra, 336 F.3d at 138.

Momentarily excluding from consideration the unsatisfactory rating for school year 2012-2013, defendants have identified all of the other conduct in the complaint that has been alleged to be "materially adverse," all of which conduct has been categorically found not to rise to the level of an adverse employment action. See Def. Memo. at I.B.1, at pp. 8-10. Notwithstanding plaintiff's suggestion to the contrary, neither multiple unsatisfactory performance evaluations or observations (see Complaint at ¶¶ 17) nor placing unwarranted disciplinary letters in her file (Complaint at ¶¶ 20, 26, 28) have been found to constitute a materially adverse employment action, absent some resulting negative consequence in the terms and condition of the employee's employment. See Taylor v. N.Y.C. Dep't of Educ., No. 11-CV-3582 (JG), 2012 U.S. Dist. LEXIS 170917, at *21 (E.D.N.Y. Nov. 30, 2012) (teacher's receipt of two year-end unsatisfactory performance ratings and multiple "unfavorable classroom evaluations" not a materially adverse employment action); see also Blythe v. City of New York, No. 08-CV-2843 (RRM) (CLP), 2013 U.S. Dist. LEXIS 109701, at *27 (E.D.N.Y. Aug. 5, 2013) ("receiving a reprimand, attending a disciplinary meeting, and receipt of […] [a] disciplinary letter was not a materially adverse change"). Similarly, allegations that defendants undermined

plaintiff's authority with her students as well as threatened her regarding her future job security (Complaint at ¶¶ 15, 20) have also been rejected as adverse employment actions, because intangible consequences such as "embarrassment or anxiety" are not materially adverse alterations of employment conditions. See Castro v. New York City Bd. of Educ. Personnel Dir., No. 96-CV-6314 (MBM), 1998 U.S. Dist. LEXIS 2863 (S.D.N.Y. Mar. 11, 1998).

Turning to the issue of plaintiff's unsatisfactory performance evaluation ("U-rating") that she received for the 2012-2013 school year, plaintiff does not appear to dispute that negative performance evaluations are considered adverse employment actions only where "accompanied by an adverse result such as 'demotion, diminution of wages, or other tangible loss.'" Pl. Opp. at A.I. at p. 9, citing Browne v. City Univ. of New York, 419 F. Supp. 2d 315, 322 (E.D.N.Y. 2005) (declining to find a negative evaluation alone, absent "an accompanying tangible loss," constituted an adverse action).

To that end, plaintiff has identified the very recent decision in Herling v. New York City Dep't of Educ., in which a U-rating was found to be an adverse employment action because it allegedly was "accompanied by a pay-freeze and served to bar [plaintiff] from earning per-session wages." 13-CV-5287 (JG), 2014 U.S. Dist. LEXIS 56442 at *16 (E.D.N.Y. Apr. 23, 2014). As distinguished from the plaintiff in Herling, in the instant action, as a result of a Settlement Agreement that resolved a related matter before the New York State Public Employment Relations Board ("PERB"), the BOE has agreed to remove the U-rating for 2012-2013, and to revise plaintiff's service history to reflect a satisfactory performance evaluation for that period. See Docket No. 13-1, Declaration of Assistant Corporation Counsel Stephen P. Pischl, dated February 25, 2014 ("Pischl Dec."), Ex. "A" at ¶ 2. As plainly indicated in the agreement, the U-rating has been overturned and withdrawn from plaintiff's record, and the

disciplinary letters to her file have been removed. Pischl Dec., Ex. "A" at ¶¶ 3-4, 6. Defendants maintain that the authority cited in their opening memorandum of law in support of the instant motion is precisely on point: a plaintiff cannot be said to have suffered adverse employment consequences from an evaluation that was subsequently withdrawn from her record. See Def. Memo. at I.B.1 at p. 11, citing Gordon v. N.Y. City Bd. of Educ., 2003 U.S. Dist. LEXIS 934 (S.D.N.Y. Jan. 21, 2003); Amna v Montefiore Med. Ctr., 1999 U.S. App LEXIS 19257 (1999); Powell v Consolidated Edison Co., 2001 U.S. Dist LEXIS 2706, at *8 n. 9 (2001).

Indeed, while plaintiff has cited to the authority purportedly standing for the holding that a U-rating, later subsequently reversed, can constitute an adverse employment action, plaintiff's cited authority stands for precisely the opposite position. See Dressler v. New York City Dep't of Educ., 10-CV-3769 (JPO), 2012 U.S. Dist. LEXIS 44249 at *22-23 (S.D.N.Y. Mar. 28, 2012) ("[n]or would Plaintiff's subsequently reversed 2007-2008 U rating due to excessive absences be sufficient to raise a genuine dispute of material fact as to adverse employment action under the ADEA […] [a] corrected administrative error without attendant deleterious effect does not constitute an adverse employment action …").

In her opposition, plaintiff attempts to save her claim from dismissal by speculating that, subsequent to the Office of Special Investigation ("OSI")'s inquiry into charges of misconduct against plaintiff (which plaintiff alleges were unwarranted and discriminatory), OSI's written report of its findings would "seriousy hinder[]" plaintiff's "ability to look for other jobs and administrative positions." See Pl. Opp. at A.I., at p. 9. Plaintiff's allegations in this regard amount to nothing more than mere speculation about prospective adverse employment actions that may never materialize, and as such are insufficient to suggest the existence of a material change in the terms and conditions of employment. See Malone v. N.Y. Pressman's

Union No. 2, No. 07 Civ. 9583 (LTS) (GWG), 2011 U.S. Dist. LEXIS 58247, at *19 (S.D.N.Y. May 31, 2011) ("the elimination of speculative, potential future opportunities is insufficient to establish an adverse employment action."); see also Hernandez v. City of New York, No. 11-CV-3521 (SJ) (RER), 2013 U.S. Dist. LEXIS 31793, at *10 (E.D.N.Y. Feb. 13, 2013) ("The mere fact that plaintiff is facing possible termination in an upcoming NYPD trial does not constitute an adverse employment action").

Accordingly, while plaintiff has alleged that she was given an unsatisfactory annual review (later reversed), that she had disciplinary letters submitted to her file (subsequently removed), and that she was reported to OSI for investigation, whether warranted or otherwise: none of this alleged conduct affected her wages or tangible benefits in any way, and accordingly none of these allegations can constitute an adverse employment action as a matter of law, and plaintiff has failed to plead a plausible claim for discrimination under § 1983, Title VII or the ADEA.

2. **The Complaint Fails to Allege Facts Sufficient to Create a Plausible Inference of Discrimination**

Again, even assuming, arguendo, that plaintiff might be able to successfully plead that she suffered an adverse employment action, which she may not, plaintiff has further failed to plead any facts giving rise to any inference of discrimination based on age or sex.[1] Plaintiff has entirely failed to offer even a single fact giving rise to an inference to age discrimination. Although plaintiff's memorandum in opposition attempts to remedy this defect, see, e.g., Pl. Opp. at p. 2 ("[f]orty-two years of age, Plaintiff has tuahgt for the majority of her career at P.S.

---

[1] Indeed, plaintiff makes no mention of discrimination on the basis of sex in her opposition, limiting her remarks entirely to age. See Pl. Opp. at A.II, p. 10 (titled "Plaintiff has plausibly raised an inference of age discrimination"). Accordingly, defendants maintain that plaintiff has failed to state a plausible claim for discrimination based on gender pursuant to § 1983 or Title VII, and any such claims must be dismissed.

29"]), the Complaint itself is entirely silent as to plaintiff's age, which is never definitely pleaded. As noted in defendants' memorandum in support of their motion, the only mention in the entire complaint of plaintiff's age ("over 40 years old") occurs in plaintiff's enumerated claims for relief, rather than in the Complaint's Statement of Facts. See Complaint at ¶ 40. There is no indication of plaintiff's age when she began her career with the BOE, of her age at the time she began her childcare leave, or of her age when she attempted to return.

While plaintiff identifies that a prima facie claim of age discrimination can be satisfied with a showing that "a member of a protected class was treated differently than a worker who was not a member of that protected class," see Pl. Opp. at A.II, p. 10, just as plaintiff herself is never definitively pleaded as belonging to any particular class, the Complaint further never once pleads or alleges that plaintiff was treated differently than someone not a member of plaintiff's never-identified "class." While plaintiff's opposition alleges that "[t]hroughout her complaint, plaintiff has alleged a plethora of situations in which she was treated differently than other, younger teachers," see Pl. Opp. at A.II, p. 10, the four-corners of the Complaint definitively disprove this assertion. The words "young," "younger," or "older" are never mentioned in the Complaint.[2]

Even liberally construed in plaintiff's favor, even if the allegations in the Complaint were taken as true, and plaintiff was singled-out for unfavorable treatment, there is absolutely no basis in the Complaint as pleaded from which it could be inferred that any identified, protected characteristic caused plaintiff to be treated in this way. Thus, as the

---

[2] As discussed, supra, the word "old" is mentioned exactly once: obliquely describing plaintiff's age ("over 40 years old") in plaintiff's enumerated claims for relief, rather than in the Complaint's Statement of Facts. See Complaint at ¶ 40.

Complaint entirely fails to link the alleged discriminatory conduct to a protected characteristic, it therefore does not state a plausible discrimination claim and such claims must be dismissed.

**D.     Age and Gender Retaliation Claims**

Defendants maintain that, just as plaintiff has failed to have pleaded an adverse employment action sufficient to state a claim for age or gender discrimination, her claim for age and gender retaliation will likewise fail. Plaintiff concedes that the Burlington standard as set out in defendants' memorandum of law in support of their motion to dismiss governs what constitutes an adverse employment action for the purposes of retaliation claims under the ADEA and Title VII. See Pl. Opp. at B, p. 11, citing Burlington Northern & Santa Fe Railway v. White, 543 U.S. 53 (2006) ("'the act must be one that could well dissuade a reasonable worker from making or supporting a charge of discrimination'").

Here, the actions plaintiff complains of are not deemed adverse employment actions even under the Burlington standard. Defendants' maintain that, even in the context of a retaliation claim, letters critical of plaintiff's job performance, referring allegations to OSI for investigation, and increased scrutiny does not constitute adverse action. See Deshpande v. Medisys Health Network, Inc., 2010 U.S. Dist. LEXIS 37891, *47-49 (E.D.N.Y. 2010), aff'd 2011 U.S. App. LEXIS 1038 (2d Cir. 2011); Brutus v. Silverseal Corp., 2009 U.S. Dist. LEXIS 112654, *26, 27 (S.D.N.Y. 2009), aff'd 2011 U.S. App LEXIS 18400 (2d Cir. 2011). Plaintiff does not address this authority, nor has she provided authority to the contrary.

Defendants raised the lack of temporal proximity between the ongoing conduct that plaintiff has alleged retaliatory acts, and plaintiff's alleged protected under Title VII and or the ADEA. In her opposition, plaintiff alleges that "[p]rior to [her] filing her SDHR complaint and PERB improper practice charge, she had never received an Unsatisfactory evaluation, and the majority of her unwarranted disciplinary letters, unsatisfactory observations, and other

adverse employment actions taken against her occurred following the filing of her SDHR complaint and PERB charge." Pl. Opp. at B, pp. 12-13.

The Complaint, however, directly refutes this claim, conceding that the adverse actions began "immediately" after plaintiff "returned to P.S. 29" from her child care leave, see Complaint at ¶ 15, continued throughout her first year of teaching, see id. at ¶ 17-22, and "picked up where she left off" on plaintiff's return to P.S. 29 after her first summer. Id. at ¶ 24. All of these allegations occurred before plaintiff ever filed a claim with SDHR, see id. at ¶ 25, and before plaintiff filed her improper practice charge with PERB. Id. at ¶ 27. Accordingly, there is no temporal inference to support any claim of retaliation, and any charges of retaliation must be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons stated in defendant's moving papers, defendants respectfully request that the Court grant their motion to dismiss the Complaint, that judgment be entered for defendants, and granting such other and further relief as this Court deems just and proper.

Dated:     New York, New York
          June 2, 2014

                        **ZACHARY W. CARTER**
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendants
                        100 Church Street, Rm 2-142
                        New York, New York 10007-2601
                        (212) 356-2429

By: _____
                        Stephen P. Pischl
                        Assistant Corporation Counsel