UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROSE GIORDANO-FORKAN,

                                     Plaintiff,

- against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; JENNIFER JONES-
ROGERS, PRINCIPAL OF P.S. 29, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY; CHRISTINE
MILTON, ASSISTANT PRINCIPAL OF P.S. 29, IN
HER OFFICIAL AND INDIVIDUAL CAPACITY,
SCOTT WOLFSON, ASSISTANT PRINCIPAL OF P.S.
29 IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                     Defendants.
------------------------------------------------------------------------ x

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

14 Civ. 03386 (SAS)

       Defendants, the City of New York, the Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), Jennifer Jones-Rogers, Christine Milton, and Scott Wolfson, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Amended Complaint (hereinafter "complaint") herein, respectfully allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein, and

respectfully refer the Court to the cited statutes therein for a complete and accurate statement of their contents.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that venue is proper within the Southern District of New York.

5. Deny the allegations set forth in paragraph "5" of the complaint, and respectfully refer the Court to the cited statutes therein for a complete and accurate statement of their contents.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, and affirmatively state that defendant Dennis M. Walcott served as the Chancellor of the BOE between April 17, 2011 through December 31, 2013.

8. Deny the allegations set forth in paragraph "8" of the complaint, and affirmatively state that defendant Jennifer Jones-Rogers ("Principal Jones-Rogers") served as the Principal of Public School 29 ("P.S. 29") from August of 2010 through October of 2013.

9. Deny the allegations set forth in paragraph "9" of the complaint, and affirmatively state that defendant Christine Milton ("AP Milton") served as an Assistant Principal of Public School 29 ("P.S. 29") from February of 2011 through June of 2012.

10. Deny the allegations set forth in paragraph "10" of the complaint, and affirmatively state that defendant Scott Wolfson ("AP Wolfson") served as the Assistant Principal of Public School 29 ("P.S. 29") from August of 2012 through June of 2013.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was on a child care leave from her appointment with the BOE between September of 2003 and September of 2011.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Principal Jones-Rogers attended a meeting at the District 25 office of the UFT on or about January 11, 2012.

17. Deny the allegations set forth in paragraph "17" of the complaint, and affirmatively state that plaintiff's lesson, formally observed by AP Milton on March 15, 2012, was rated "Unsatisfactory."

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, and refer this Court to the document cited therein for a complete and accurate statement of its contents.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that Principal Jones-Rogers submitted a counseling memorandum to plaintiff's file, dated March 1, 2012, and respectfully refer this Court to the contents of that document for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that Principal Jones-Rogers met with plaintiff and UFT officers on or about April 3, 2012.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" as to whether plaintiff sought a position at several schools during the summer of 2012, and admit that plaintiff returned to P.S. 29 for the 2012-13 school year.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that, on or about November 7, 2012, BOE was forwarded by the New York State Division of Human Rights ("SDHR") a copy of a Complaint, verified by the Plaintiff, charging the City and the BOE with an unlawful discriminatory practice in violation of the New York State Human Rights Law ("SHRL"), NY Executive Law, Article 15, § 296 *et seq.*, bearing Complaint No. 10158391, which was also filed with the United States Equal Employment Opportunity Commission ("EEOC"), bearing Charge No. 16GB300522, and respectfully refer this Court to the documents cited therein for a complete and accurate statement of their contents.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except deny knowledge and information sufficient to form a belief as to when plaintiff received a letter from Superintendent Danielle DiMango advising her that the OSI investigation against her had been substantiated, and respectfully refer this Court to the document referenced therein for a complete and accurate statement of its contents.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that, on or about December 20, 2012, BOE was forwarded by the New York State Division of Human Rights ("SDHR") a copy of a Complaint, verified by the Plaintiff, charging the City and the BOE with an unlawful discriminatory practice in violation of the New York State Human

Rights Law ("SHRL"), NY Executive Law, Article 15, § 296 *et seq.*, bearing Complaint No. 10159020, which was also filed with the United States Equal Employment Opportunity Commission ("EEOC"), bearing Charge No. 16GB301010, and further admit that, on or about December of 2012, plaintiff filed an improper practice charge against the BOE with the New York State Public Employment Relations Board ("PERB"), bearing Case No. U-32412, and respectfully refer this Court to the documents cited therein for a complete and accurate statement of their contents.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein as to whether plaintiff applied for a number of different positions at different schools during the summer of 2013.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that, upon information and belief, by issuance of "Dismissal and Notice of Rights," dated July 3, 2013, the EEOC advised plaintiff of her right to initiate a civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 42 U.S.C. § 621 *et seq.* ("ADEA") against the BOE regarding EEOC Charge No. 16G-2013-01010, and respectfully refer the Court to this "Dismissal and Notice of Rights" for a complete and accurate statement of their contents.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "32" of the complaint as if set forth fully herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations set forth therein regarding plaintiff's intent to apply for per session activities and knowledge whether such application would be futile.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff's 2012-2013 U-rating was subsequently reversed, and respectfully refer this Court to the stipulation agreement filed with PERB in Case No. U-32412, annexed hereto as Defendants' Exhibit "A," for a complete and accurate statement of its contents.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Paragraph "40" of the complaint is plaintiff's request for a trial by jury, rather than a factual allegation, and therefore no response is required to that paragraph.

## AS AND FOR A FIRST DEFENSE:

41. The complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

42. The defendants have not violated any rights, privileges or immunities secured to plaintiff under the laws of the United States.

## AS AND FOR A THIRD DEFENSE:

43. At all times relevant to the acts alleged in the complaint, the defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with

respect to plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.

## AS AND FOR A FOURTH DEFENSE:

44. At all times relevant to the acts alleged in the complaint, the defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## AS AND FOR A FIFTH DEFENSE:

45. This Court lacks subject matter jurisdiction over any claims of discrimination or retaliation alleged pursuant to Title VII or the ADEA that were not also contained in the plaintiff's charges of discrimination filed with the EEOC.

## AS AND FOR AN SIXTH DEFENSE:

46. Any of plaintiff's claims pursuant to Title VII or the ADEA that accrued more than 300 days prior to plaintiff's filing of her charges of discrimination and/or retaliation with the EEOC are time-barred.

## AS AND FOR A SEVENTH DEFENSE:

47. This action may be barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR AN EIGHTH DEFENSE:

48. The request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or governmental subdivision.

## AS AND FOR A NINTH DEFENSE:

49. Subject to proof of discovery, any claims for damages may be barred, in whole or in part, by plaintiff's failure to mitigate damages.

## AS AND FOR A TENTH DEFENSE:

50. The complaint may be barred, in whole or in part, by plaintiff's failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**WHEREFORE**, defendants respectfully request judgment dismissing the complaint in its entirety, entering judgment for defendants, and granting the defendants costs and such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 18, 2014

**ZACHARY W. CARTER**
Corporation Counsel of the
　City of New York
*Attorney for the Defendants*
100 Church Street, Room 2-142
New York, New York 10007
(212) 356-2429
spischl@law.nyc.gov

By: _____
Stephen P. Pischl
Senior Counsel

TO: **GLASS KRAKOWER LLP**
*Attorney for Plaintiff*
100 Church Street, 8th Floor
New York, NY 10007
212-537-6859
bg@glasskrakower.com

13 Civ. 06950 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE GIORDANO-FORKAN,

                                                              Plaintiff,

- against -

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; JENNIFER JONES-ROGERS, PRINCIPAL OF P.S. 29, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; CHRISTINE MILTON, ASSISTANT PRINCIPAL OF P.S. 29, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, SCOTT WOLFSON, ASSISTANT PRINCIPAL OF P.S. 29 IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

                                                             Defendants.

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

### ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for the Defendants*
100 Church Street, Room 2-142
New York, New York 10007
spischl@law.nyc.gov

*Of Counsel:* Stephen P. Pischl
*Telephone:* (212) 356-2429
*Matter No.* 2013-046510

*Due and timely service is hereby admitted.*

*New York, N.Y.* .................................................., *201__ ..*

.................................................................. *Esq.*

*Attorney for*