**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219
E-mail: bg@glasskrakower.com

*Bryan D. Glass*
   Partner

June 18, 2015

*Via ECF*
Honorable George Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       **Re:**    **Rose Giordano-Forkan v. New York City Department of Education et al., 13 Civ. 6950 (GBD)**

Dear Judge Daniels:

    I am the attorney for Plaintiff in the above-referenced matter. Plaintiff respectfully requests a limited extension of discovery beyond June 18, 2015, through the next conference date on July 16, 2015, primarily based on new information discovered during the deposition of Defendant former principal Jennifer Jones Rogers, as well as Defendants' failure to produce any previously required electronic discovery to date.

    The reason for this request is as follows. During the recent deposition of the principal, Plaintiff became aware for the first time that Superintendent Denise Dimango issued a much less severe form of discipline to Principal Jones-Rogers than to Plaintiff regarding an incident involving the principal's verbal abuse of Plaintiff's students in her classroom, which was subsequently investigated by the NYCDOE Office of Special Investigation (OSI). Incredibly, Plaintiff received a formal letter of discipline after filing her SDHR complaint, for not reporting her principal's verbal abuse against her, while Principal Jones-Rogers testified she only received a non-disciplinary counseling memo for substantiated verbal abuse of the same students. Another teacher witness in the room to the principal's verbal abuse, Maria Isopo, received no discipline at all for not reporting her principal for verbal abuse, and, upon information and belief, never filed an SDHR charge against the NYCDOE. Clearly the most severe form of discipline being imposed against Plaintiff, who was by far the least culpable in the matter, is probative evidence of disparate retaliatory treatment by Defendants. Based on this information, Plaintiff

1

seeks brief depositions of Superintendent Dimango and the OSI investigator involved in this matter to explore further the motivation for this disparate discipline.

Plaintiff also has yet to receive any electronic discovery requested in the case from Defendants, including but not limited to emails concerning Plaintiff between Jennifer Jones-Rogers and her Assistant Principals and/or Superintendent Dimango and/or the OSI investigator referenced above.

Plaintiff respectfully requests an order from this Court compelling the above-mentioned electronic discovery be turned over promptly and that the depositions be scheduled, so that Plaintiff may complete the depositions of the Superintendent and OSI investigator before the next scheduled conference date in this case on July 16, 2015.

Plaintiff has shared this letter with Defendants' counsel, and he has indicated that he plans to respond in writing to this application.

Thank you very much for the Court's consideration.

Respectfully submitted,

/s/
Bryan D. Glass, Esq.
Attorney for Plaintiff

c: Stephen Pischl, Esq., Assistant Corporation Counsel, Attorney for Defendants (via pdf email)