

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

STEPHEN P. PISCHL
*Senior Counsel*
Room 2-142
Telephone: (212) 356-2429
Fax No.: (212) 356-2438
Email: spischl@law.nyc.gov

June 30, 2015

**Via ECF & Facsimile (212) 805-6737**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Giordano-Forkan, Rose vs. the City of New York, et al.
       Docket No. 13 Civ. 06950 (GBD)

Dear Judge Daniels:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel for the City of New York, attorney for the defendants in the above-captioned action. I write to respond to plaintiff's letter, dated June 18, 2014, Dkt. No. 33, wherein plaintiff requests a limited extension of fact-discovery, through July 16, 2015, allegedly "based on new information discovered during the deposition of Defendant former principal Jennifer Jones Rogers."

    The parties had made two prior joint applications for extensions of time to complete fact-discovery, most recently on May 11, 2015, seeking an extension of time until June 18, 2015. *See* Endorsed Letter, dated May 11, 2015, Dkt. No. 32. At the time of the most recent previous application, the parties advised that all noticed depositions had been completed, but that the parties had sought additional time to continue settlement negotiations with the SDNY mediation program in light of the deposition testimony. *Id*. The parties were unable to reach a resolution during the mediation session they attended on February 18, 2015, and, despite the parties' efforts, to date, they have been unable to reach a resolution.

Giordano-Forkan, Rose vs. the City of New York, et al.
Docket No. 13 Civ. 06950 (GBD)

  Despite the narrow basis—to pursue possible settlement through mediation—that occasioned the parties' May 11th extension request, via email on May 30, 2015, less than three weeks before the close of fact-discovery and well after conducting depositions, plaintiff's counsel issued the following demands in discovery (reproduced herein in pertinent part):

> Additional discovery requested by Rose Giordano-Forkan as discussed today […]
>
> 1) Depositions of DiMango, […] & OSI Investigator Thompson […]
> […]
> 3) Counseling memo from DiMango to Rogers regarding rubberband incident […]
> […]
> 6) Emails between Rogers and following people:
>    a) Danielle DiMango
>    b) A.P. Scott Wolfson
>    c) Coach Patricia Hendry
>    d) OSI
>    e) "Legal" - Matt Fleming […]
>    f) UFT District Rep Joe Kessler
> […]

  On June 16, 2015, the parties conferred to discuss the status of this matter before the close of discovery. While objecting to the supplemental discovery requests as untimely, defendants advised plaintiff that they would be willing to consent to a brief discovery extension for the parties to continue to confer regarding the post-deposition discovery requests and depositions requested on May 30th, and to complete limited discovery relative to these requests, whether on consent or with the court's intervention. Ultimately, the parties were unable to concur, and plaintiff has made the instant application to this Court for an extension, which defendants oppose.

  In her instant application, plaintiff represents that she first became aware of certain facts during the deposition of defendant Principal Jones-Rogers, held on April 29, 2015. Namely, plaintiff relates that Superintendent Denise DiMango, a non-defendant, was advised that the Board of Education's Office of Special Investigation ("OSI") had investigated and substantiated disciplinary charges against both plaintiff and defendant Principal Jones-Rogers, both arising out of an incident in March 2012. Yet plaintiff alleges that Superintendent DiMango imposed differing discipline: plaintiff received a formal letter of discipline, while defendant Jones-Rogers received a non-disciplinary counseling memo. *See* Plaintiff's Letter, dated June 18, Dkt. No. 33. Plaintiff alleges that this variance is probative of retaliatory treatment by defendants, and justifies conducting the deposition of Superintendent DiMango. *Id.*

  Plaintiff's retaliation claim, however, is exceedingly narrow, and does not contemplate—or necessitate—any development in the record of these subsequent factual circumstances. Indeed, plaintiff's sole surviving claim in the instant action relative to OSI's

Giordano-Forkan, Rose vs. the City of New York, et al.
Docket No. 13 Civ. 06950 (GBD)

investigation is that she became a subject of said investigation as retaliation by defendant Jones-Rogers for having filed a complaint against her of age and gender discrimination with the New York State Division of Human Rights ("SDHR") on or about on or about October 26, 2012. Given this specific claim, to the extent plaintiff now seeks Superintendent DiMango's deposition, her testimony is irrelevant and no extension should be granted.

First, as to the allegedly disparate discipline, Principal Jones-Rogers and plaintiff are not similarly situated, obviating any contention that their discipline arising out of the March 2012 incident could support any inference of retaliatory intent. They were employed in different titles, supervised by different personnel under completely different evaluative rubrics, and ultimately investigated for different misconduct, verbal abuse (Principal Jones-Rogers) versus a failure to report witnessed abuse (plaintiff). In addition, Superintendent DiMango was not named as a respondent in plaintiff's SDHR complaint, much less implicated in any way, and nothing in the record suggests that she was even aware that plaintiff had filed any complaint. Finally, it stretches credulity to suggest that Principal Jones-Rogers, the only individual against whom plaintiff alleges retaliatory animus in her complaint, could have somehow influenced Superintendent DiMango's decision relative to the discipline she ultimately imposed, given that Principal Jones-Rogers was herself subject to discipline by Superintendent DiMango. In short, the nexus of this case concerns the SDHR complaint plaintiff filed, and whether anything about that complaint formed the impetus for OSI investigating plaintiff. That OSI's investigation resulted in a substantiated finding of misconduct certainly supports the grounds for its inception. That the OSI substantiation thereafter led Superintendent DiMango to impose certain discipline is attenuated—and, indeed, entirely distinct from—the nexus of plaintiff's retaliation claim, and, as such, is irrelevant to that claim.

Nor is a deposition of the OSI investigator merited. Plaintiff has no evidence suggesting that retaliatory animus motivated the OSI investigation. Indeed, the record plainly shows otherwise. Plaintiff herself testified that she found Principal Jones-Rogers' conduct in her classroom in March 2012 to be abusive to her students, that she did not report this conduct to anyone, and that she understood her mandatory reporting obligations relative to verbal abuse under the Chancellor's Regulations. OSI investigated and ultimately substantiated these specific allegations—which plaintiff admitted both during OSI's investigation and during her testimony in discovery—and subsequently referred the matter to Superintendent DiMango for discipline. Accordingly, plaintiff has no basis to attribute any retaliatory animus to OSI for its findings, which she does not dispute, and the testimony of OSI's investigative personnel will yield no probative evidence on her sole surviving claim.

Accordingly, defendants oppose the instant application for an extension of fact-discovery as proposed by plaintiff, seek this Court's certification that the factual record has been closed, and seek this Court's leave to request for a pre-motion conference on defendants' anticipated summary judgment motion.

Finally, the Court notified the undersigned yesterday evening that it is unavailable for the compliance conference presently scheduled for Thursday, July 16, 2015, at 9:45 am, but had suggested the following Thursday, July 23, 2015, as an alternative date. I have contacted

<u>Giordano-Forkan, Rose vs. the City of New York, et al.</u>
Docket No. 13 Civ. 06950 (GBD)

plaintiff's counsel to advise him of the Court's unavailability, and have received confirmation from plaintiff's counsel that he is available on July 23, 2015, as are defendants.

        I thank the Court for its consideration of this request.

        Respectfully submitted,

        /s/
        Stephen P. Pischl
        Senior Counsel

cc:    Bryan D. Glass, Esq. (by email at bg@glasskrakower.com)
      Glass Krakower LLP
      *Attorney for Plaintiff*